Rodolfo E. **MUNIZ**, Appellant,

v.

Silverio M. **VASQUEZ**, Appellee.

No. A14–89–00205–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 9, 1990.

**148** ■ 

Richard Melamed, Charles J. Jacobus, James S. Tyson, Houston, for appellant.

Ellis Barrera, Jr., Thomas G. Bousquet, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

JUNELL, Justice.

A money judgment and writ of possession of real property were granted to Silverio Vasquez (Vasquez or appellee) in the court below in a forcible detainer action against Rodolfo E. Muniz ("Muniz" or appellant). Appellant brings four points of error in his original brief, alleging trial court error: (1) in finding the contract at issue was a lease rather than a contract for the sale of real estate; (2) in ordering eviction without supporting evidence (no evidence/insufficient evidence); (3) in permitting his retaliatory eviction; and (4) in awarding damages in the form of rental revenue where no landlord/tenant relationship existed. Appellant brings two additional points of error in an amended brief, the filing of which this court permitted: (5) the trial court erred in paying out supersedeas funds to Vasquez; and (6) payments of supersedeas funds to Vasquez exceeded the amount of the trial court money judgment and accrued post-judgment interest. We affirm with directions.

On June 27th, 1986, the parties entered into a two-page written agreement entitled "SALE AND PURCHASE AGREEMENT" involving a single family residence in Houston. The agreement contains phrasing which constitutes a contract for the purchase and sale of the property. Further language indicates a rental agreement was formed by the parties. The agreed sale price of $80,000 provided for a down payment to be made by appellant with a post-dated check in the amount of $5,000. The balance was to be paid by appellant's assumption of a new mortgage loan expected to be obtained by the seller, Vasquez, on a "best efforts" basis and at an interest rate "acceptable to the buyer". The agreement gave Muniz, the buyer, the right to occupy the house until the date of closing of the new mortgage loan provided he made agreed monthly rental payments. The post-dated check, representing the down payment, was delivered to Vasquez by appellant several months after the signing of the agreement by the parties. According to Vasquez, the agreement was prepared by a "doctor friend" of Muniz and no lawyers were involved.

The record shows Vasquez attempted unsuccessfully on at least three occasions to get the new mortgage financing.[1] The

---

1. One of the Vasquez trial exhibits shows he was denied credit because of delinquent business obligations.

record also shows that Muniz became delinquent in his monthly rental payments, leading to a forcible detainer action brought by Vasquez in the justice court. After Vasquez was denied relief in the justice court he appealed to the County Court on October 14, 1988, asking for judgment on the forcible detainer action and for accumulated monthly rentals due on the premises.

On October 28, 1988, Muniz filed an answer along with a counterclaim seeking damages, specific performance on the agreement, and attorneys' fees. Vasquez responded to the counterclaim on November 2, 1988, by pleading that (1) all good faith efforts to refinance the property had failed; (2) the parties could not perform the terms of the agreement, and, (3) Muniz (claimed by Vasquez to be on a periodic tenancy from month to month) had breached a rental agreement by failure to tender rental payments when due.

There was a bench trial. The trial court rendered judgment as follows:

## JUDGMENT

On the 20th day of February, 1989, came on to be heard the above-entitled and numbered cause and Silverio M. Vasquez, the Plaintiff, appeared in person and by attorney of record and announced ready for trial, and Rodolfo E. Muniz, Defendant, appeared in person and by attorney of record and announced ready for trial and no jury having been demanded, all matters of fact and things in controversy were submitted to the Court.

The Court, after hearing the evidence and arguments of counsel, is of the opinion that the Plaintiff, Silverio M. Vasquez, is entitled to recover of and from the Defendant, Rodolfo E. Muniz, the sum of Three Thousand and Five Hundred dollars ($3,500.00) equivalent to Five (5) Monthly Rental Payments.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED by the Court that Plaintiff, Silverio M. Vasquez, have and recover from Defendant, Rodolfo E. Muniz, the sum of Three Thousand and Five Hundred dollars ($3,500.00) equivalent to Five (5) Monthly Rental Payments.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk issue a Writ of Possession against the Defendant.[2]

Signed this 20th day of February, 1989.

/s/ Ed Landry
PRESIDING JUDGE

There are no findings of facts or conclusions of law in the record. The trial court's judgment, therefore, implies all necessary fact findings in support of the judgment. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609, 613 (1950). In determining whether there is any evidence to support the judgment and the implied findings of fact incident thereto it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature. *Id.* The judgment of the trial court must be affirmed if it can be upheld on any legal theory in the pleadings that finds support in the evidence. *In the Interest of W.E.R.*, 669 S.W.2d 716 (Tex.1984).

■ There is sufficient evidence in the record to support an implied finding by the trial court that appellee used reasonable diligence in seeking new mortgage financing, a necessary condition to the closing, and that such financing was not available to him because of his credit unworthiness.

There is sufficient evidence in the record to support an implied finding by the trial court that there was a failure of consideration in that Vasquez used reasonable diligence in his attempts to collect on the $5,000 post-dated check which was dishonored upon presentment at the bank.

There is sufficient evidence in the record to support an implied finding by the trial court that Muniz failed to make timely monthly rental payments, thereby terminating an express or implied lease agreement.

---

**2.** A handprinted notation below the signature of the trial judge indicates the street address in Harris County where the certain premises are located.

The implied findings referred to above were within the pleadings of the parties. Under the circumstances, a judgment for unpaid rent and possession of the premises is supported by the evidence.

The substance of appellant's points of error numbers four and five have considerable merit and are the source of great concern to this court.

A supersedeas bond of $5,000 was set in the court below to effect a stay of execution on the judgment pending this appeal. Muniz deposited $5,000 in cash in lieu of a surety bond. Vasquez then filed a motion in this court under TEX.R.APP.P. 49 to increase the amount of supersedeas from $5,000 to $14,000. This court granted that motion upon learning that appellant still occupied the premises and that the $700 monthly rent was accruing and accumulating. Muniz failed to fund the $9,000 increment ordered by this court. Upon such failure, execution on the judgment could have been issued under TEX.R.APP.P. 49(c) [paragraph one]. Instead, Vasquez filed a motion to release to him from the registry of the court the entire $5,000 supersedeas fund, and the court granted the motion in an ex parte hearing. The court ordered the clerk to pay Vasquez the entire $5,000 which was on deposit in the registry of the court. The trial court reaffirmed its order four months later on the occasion of its denial of appellant's motion for sanctions against counsel for Vasquez.[3]

■ The release of supersedeas funds to Vasquez was clearly erroneous. While the trial court has limited jurisdiction under TEX.R.APP.P. 47(k) during appeal as custodian of supersedeas funds set in either its court or the appellate court, the trial court has absolutely no authority to disburse those funds.

The amount of supersedeas (bond or cash) is intended to be set at an amount which "will adequately protect the judgment creditor against any loss or damage occasioned by the appeal". TEX.R.APP.P. 47(a), (c).

■ The supersedeas bond is part of the right of appeal and is only intended to indemnify the judgment creditor from losses caused by delay of appeal. *State v. Watts*, 197 S.W.2d 197 (Tex.Civ.App.—Austin 1946, writ ref'd). The supersedeas bond is not an unconditional agreement to pay a stated sum of money; but imposes only a contingent or conditional liability, and its primary purpose is security. *Id*, at 199.

A court may not summarily ascertain the amount of monetary damages occasioned by delay in appeal.

> The terms "loss or damage" within the meaning of Rule 364 [predecessor to TEX. R.APP.P. 47], and as used in the original order fixing the amount of the cash deposit, refer to monetary or material losses ascertainable by proof, either by the judgment itself, or, where that is not conclusive, by evidence relating to proof of damages generally.

*Los Campeones, Inc. v. Valley Intern. Properties, Inc.*, 591 S.W.2d 312 (Tex.Civ. App.—Corpus Christi 1979, no writ); citing *State v. Watts*, 197 S.W.2d 197 (Tex.Civ. App.—Austin 1946, writ ref'd).

■ Access to the supersedeas bond is achieved by bringing a common-law action against the sureties as with any other contract. *Trent v. Rhomberg*, 66 Tex. 249, 18 S.W. 510 (1886). Access may also be achieved in the appellate court by motion for judgment to be entered against the sureties on the bond. *State v. Watts*, 197 S.W.2d at 199. The procedures would be no different where cash is deposited in lieu of bond under TEX.R.APP.P. 48, which states "the party may in lieu of filing the bond deposit cash . . . in the amount fixed for the surety bond, *conditioned in the same manner as would be a surety bond for the protection of other parties.*" (Emphasis added). This places the registry of the court in the role of a stakeholder in lieu of there being a surety in the picture.

We fashion our remedy by sustaining appellant's points of error numbers five

---

3. *Appellant alleged four counts of intentional and unlawful plan and course of unlawful conduct by an officer of the court. One of the four* counts involved Vasquez's "Motion To Withdraw Security Costs For Supersedeas Bond" which led to the courts release of the $5,000.

and six, and by authorizing Vasquez to retain only $3,615.07 of the $5,000.00 of supersedeas funds erroneously paid to him by the trial court, such sum representing the $3,500.00 money judgment in the court below plus $115.07 in accrued post-judgment interest at ten percent per annum from the date of judgment to the date the erroneous payment was ordered (June 19, 1989). Vasquez is directed to immediately remit to Muniz the difference of $1,384.93, minus any costs incurred by Vasquez in the trial court (which costs are taxed against Muniz). Costs of appeal also are taxed against Muniz (to be paid out of the appeal bond).

The judgment of the trial court is affirmed and our remedial directions will be set forth in our judgment.