In re ROMERO, GONZALEZ & BENAVIDES, L.L.P.

No. 04–09–00151–CV.

Court of Appeals of Texas, San Antonio.

May 20, 2009.

Ricardo G. Benavides, Juan A. Gonzalez, Romero, Gonzalez & Benavides, L.L.P., McAllen, TX, for appellant.

David J. Lumber, Guerra & Moore, Ltd., L.L.P., Juan Rocha, Jr., Mark A. Cantu, Robert Schell, Law Office of Mark A. Cantu, McAllen, TX, for Appellee.

Sitting: SANDEE BRYAN MARION, Justice, REBECCA SIMMONS, Justice, STEVEN C. HILBIG, Justice.

## OPINION

SANDEE BRYAN MARION, Justice.

Relator Romero, Gonzalez & Benavides, L.L.P. ("RG & B") seeks a writ of mandamus compelling the trial court to order the clerk of the court to release to relator funds held in the court's registry. We conditionally grant the writ.

## BACKGROUND

RG & B represented the Gonzalez family in a products liability and wrongful death lawsuit against Reliance Water Heater Co. and other defendants ("Reliance"). Mark A. Cantu d/b/a the Law Office of Mark Cantu ("Cantu") intervened in the lawsuit claiming, among other things, that RG & B had interfered with his contract to represent the Gonzalez family. RG & B mediated and settled the Gonzalez family's claims against Reliance. Pursuant to an Agreed Order between RG & B and Cantu, a percentage of the attorney's fees awarded to RG & B was placed in the court's registry for Cantu. Following subsequent litigation, the trial court signed a judgment concluding the legal services contract between Cantu and the Gonzalez family was void and RG & B was entitled to the funds held in the court's registry. RG & B filed a post-judgment motion to release the funds. After a hearing, the trial court denied RG & B's mo-

**664**

tion and stated it would not release the funds while Cantu's appeal of its judgment was pending. RG & B filed a petition for a writ of mandamus asking this court to instruct the trial court to issue an order to the clerk of the court to disburse the funds held in the court's registry. We conditionally grant RG & B's writ.

## DISCUSSION

The sole issue in this petition for writ of mandamus is whether the trial court abused its discretion in denying RG & B's motion to enforce the judgment and release the funds in the court's registry to RG & B when no supersedeas bond has been filed by Cantu. Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135 (Tex.2004) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts, and a clear failure to analyze or apply the law correctly will constitute an abuse of discretion. *Walker,* 827 S.W.2d at 840. "To satisfy the clear abuse of discretion standard, the relator must show 'that the trial court could reasonably have reached only one decision.'" *Liberty Nat'l Fire Ins. Co. v. Akin,* 927 S.W.2d 627, 630 (Tex.1996) (quoting *Walker,* 827 S.W.2d at 840).

A trial court has an affirmative duty to enforce its judgment. Tex.R. Civ. P. 308; *In re Crow–Billingsley Air Park, Ltd.,* 98 S.W.3d 178, 179 (Tex.2003) (orig. proceeding). And, the prevailing party has a statutory right to obtain execution of the judgment pending appeal unless and until the judgment debtor properly supersedes the judgment. *Mercantile Bank & Trust v. Cunov,* 733 S.W.2d 717, 718 (Tex. App.-San Antonio 1987, no writ). The

Rules of Appellate Procedure allow a judgment debtor to supersede a judgment, thereby suspending enforcement, by posting security set by the trial court, not by merely filing an appeal. Tex.R.App. P. 24.1, 24.2(a)(3); *In re Crow–Billingsley Air Park, Ltd.,* 98 S.W.3d at 179. Unless the judgment debtor files a supersedeas bond to delay the enforcement of the final judgment, the trial court has no discretion to suspend the enforcement of the final judgment pending appeal. *See Tex. Employers' Ins. Ass'n v. Engelke,* 790 S.W.2d 93, 95 (Tex.App.-Houston [1st Dist.] 1990, no writ); *Merrell v. Fanning & Harper,* 597 S.W.2d 945, 950 (Tex.Civ.App.-Tyler 1980, no writ); *Bryan v. Luhning,* 106 S.W.2d 403, 404 (Tex.Civ.App.-Galveston 1937, no writ). Here, Cantu did not post a supersedeas bond with the trial court that would suspend the enforcement of the final judgment.

"A party is entitled to mandamus relief to vacate an order that wrongly denies a prevailing party's attempt to enforce an unsuperseded judgment." *In re Crow–Billingsley Air Park, Ltd.,* 98 S.W.3d at 179. Therefore, we conclude the trial court erred in denying RG & B's post-judgment motion to release the funds.

## CONCLUSION

Accordingly, we conditionally grant the writ of mandamus. The writ will issue only if the trial court fails to withdraw its orders denying RG & B's motion to release funds and enter an order releasing the funds within ten days.