NUMBER 13-10-00345-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN RE: CARLOS PASOL LEVITAS, AS THE ADMINISTRATOR

OF THE ESTATE OF ALICIA P. LEVITAS, DECEASED,

AND AS THE ADMINISTRATOR OF THE ESTATE

OF SARA PASOL FACTOR, DECEASED

 


On Petition for Writ of Mandamus

 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Garza


Memorandum Opinion Per Curiam



 Relator, Carlos Pasol Levitas, as administrator of the estate of Alicia P. Levitas,
deceased, and of the estate of Sara Pasol Factor, deceased, filed a petition for writ of
mandamus alleging that respondent, the Honorable Leonel Alejandro, presiding judge of
the 357th Judicial District Court of Cameron County, Texas, abused his discretion by
granting a "Motion to Withdraw Funds in the Registry of the Court" filed by real party in
interest, the Barraza Family Limited Partnership ("Barraza"). Relator also filed an
"Emergency Motion for Temporary Relief" in which he requested that this Court stay the
underlying proceedings until such time as we may rule upon his petition for writ of
mandamus. We granted relator's emergency motion on June 29, 2010 and ordered all
underlying proceedings stayed. We also requested a response from the real party in
interest; such a response was filed on July 9, 2010. Having fully considered the petition
and response, we deny the relief requested and vacate the previously imposed stay.

I. Background

 The underlying case involved loans made to Levitas (1) by Barraza and B. Crowley
Mack which were secured by liens against Levitas's property located in Cameron County,
Texas. When Levitas defaulted on the loans, Barraza and Mack foreclosed on the
property. Levitas then sued Barraza, seeking a declaration that the foreclosure sales were
void because an automatic stay had been imposed due to Sara Pasol Factor's prior
declaration of bankruptcy. See 11 U.S.C. § 362. The trial court disagreed, granting
summary judgment in favor of Barraza. However, we reversed, concluding that the
foreclosure sales violated the bankruptcy stay and were indeed void. Levitas v. Barraza,
No. 13-02-510-CV, 2004 Tex. App. LEXIS 6836, at *4-6 (Tex. App.-Corpus Christi July 29,
2004, no pet.) (mem. op.).

 On remand, both parties moved for summary judgment. After a hearing, the trial
court entered its final judgment on June 26, 2007, concluding in part that: (1) Levitas is
entitled to a declaration that the foreclosure sales are void; but (2) Barraza, as a mortgagee
in possession of the property, is entitled to "a Judgment for its debt, interest, advances for
taxes and improvements made to the property in the total amount of $137,399.71 through
the date of this Judgment." See Johnson v. Frierson, 133 S.W.2d 594, 597 (Tex. Civ.
App.-Waco 1939, writ dism'd) (stating that a mortgagee in possession "is entitled to his
debt and interest and reimbursement for the taxes and fire insurance premiums paid by
him and the costs of necessary repairs and is bound to account for the payments made to
him and the rents and profits received by him or which he ought to have received by the
use of reasonable diligence and care"). The judgment also stated that Barraza "is a
mortgagee in possession and shall continue as such until such time as all amounts under
this Judgment awarded to [Barraza] have been paid in full."

 After the judgment was issued, Levitas deposited $137,399.71 in the trial court
registry "in order to comply with the [t]rial [c]ourt's judgment and in order to obtain
immediate possession of the subject real property." Barraza then filed a notice of appeal
and a "Motion to Fix Amount of Security for Supersedeas," asking the trial court to "fix the
amount currently on deposit in the registry of the court as the amount necessary to
supersede execution of the judgment in this case." In other words, Barraza sought to post
a cash deposit in lieu of a supersedeas bond by "adopting" the funds previously deposited
in the trial court's registry by Levitas. See Tex. R. App. P. 24.1(a)(3) (providing that a
judgment debtor may supersede the judgment by making a deposit with the trial court clerk
in lieu of a bond). By his "Motion to Fix Amount of Security for Supersedeas," Barraza
asked the trial court to determine the proper amount to be posted as security for the
judgment. See Tex. R. App. P. 24.2(a)(2)(A) ("When the judgment is for the recovery of an
interest in real . . . property, the trial court will determine the type of security that the
judgment debtor must post. The amount of that security must be at least . . . the value of
the property interest's rent or revenue . . . ."). At a hearing on December 8, 2007, the trial
court determined that $100,000 was an appropriate amount to be considered as Barraza's
cash deposit in lieu of supersedeas bond. Barraza was therefore permitted to "adopt"
$100,000 of the $137,399.71 on deposit with the trial court and to designate that amount
as its cash deposit, thus allowing it to supercede that part of the June 26, 2007 judgment
awarding the subject property to Levitas.

 We subsequently affirmed the June 26, 2007 final judgment. Barraza Family Ltd.
P'ship v. Levitas, No. 13-07-00470-CV, 2009 Tex. App. LEXIS 1707, at *19 (Tex.
App.-Corpus Christi, Mar. 5, 2009, pet. denied) (mem. op.). The parties then each moved
the trial court to release the cash on deposit into their possession. In an order dated June
21, 2010, the trial court granted Barraza's motion and denied Levitas's. The order stated
in part as follows:

 This Court finds that the final judgment entered herein[] was a
judgment for the recovery of certain real property, and that said real property
was awarded to [Levitas] upon the payment of $137,399.71 to [Barraza]. 
The Court further finds that [Levitas] did deposit said amount into the registry
of the Court, for the benefit of [Barraza], and that upon depositing said
amount, [Levitas] would have been entitled to possession of the subject real
property, except for the fact that [Barraza] requested that this Court fix the
amount of supersedeas herein. This Court did fix the amount of
supersedeas at $100,000, and this Court deemed [Barraza] to have "posted"
a deposit in lieu of supersedeas by leaving [Levitas]'s deposit in the registry
of the court. This Court further finds that [Barraza] did file a notice of appeal
and, by virtue of the deposit in lieu of supersedeas, [Barraza] maintained
possession of the subject property during the pendency of the appeal.


 IT IS, THEREFORE, ORDERED[] that [Levitas]'s Motion to Release
Cash Deposit in Lieu of Supersedeas Bond is hereby DENIED, with the
exception that this Court does ORDER that the amount of $8,121.51 (which
represents the interest on the Deposit in Lieu of Supersedeas Bond which
accrued during the pendency of the appeal) is hereby ORDERED to be
released and disbursed to [Levitas]. Said amount is to be released and
disbursed from the cash which is on deposit with the Court herein.


 IT IS FURTHER ORDERED that [Barraza]'s Motion to Withdraw
Funds in the Registry of the Court is hereby GRANTED. Accordingly, It Is
Ordered that all remaining funds on deposit herein with the Court after the
disbursement of the sum of $8,121.51, which was awarded to [Levitas] in the
preceding paragraph, is awarded to [Barraza].


This original proceeding followed.

II. Discussion

 Mandamus will issue to correct a clear abuse of discretion for which the remedy by
appeal is inadequate. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex.
2004). A trial court abuses its discretion when it acts in an unreasonable or arbitrary
manner, when it acts without reference to guiding rules and principles, or when it clearly
fails to analyze or apply the law correctly. See Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992) (orig. proceeding); Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991).

 The Texas Rules of Appellate Procedure allow a judgment debtor to suspend or
supersede execution of a judgment while the debtor pursues appellate review by filing a
good and sufficient bond or cash deposit in lieu thereof. Tex. R. App. P. 24.1(a). In setting
the amount of the bond or cash deposit when the judgment involves a real property
interest, the trial court must consider the value of rent or revenue likely to accrue during the
pendency of an appeal. Tex. R. App. P. 24.2(a)(2)(A). The goal in setting the bond or cash
deposit is to require an amount which will "adequately protect the judgment creditor against
any loss or damage occasioned by the appeal." Muniz v. Vasquez, 797 S.W.2d 147, 150
(Tex. App.-Houston [14th Dist.] 1990, no writ). The sureties on the bond or deposit are
then subject to liability for all damages and costs that may be awarded against the
judgment debtor, up to the amount of the bond, if the debtor does not pay the value of the
property's rent or revenue during the pendency of the appeal. Tex. R. App. P. 24.1(d)(3);
see Tex. R. App. P. 43.5 ("When a court of appeals affirms the trial court judgment . . . the
court of appeals must render judgment against the sureties on the appellant's supersedeas
bond").

 Here, it is undisputed that Barraza did not "pay the value of the property's rent or
revenue during the pendency of the appeal." See Tex. R. App. P. 24.1(d)(3). Had Barraza
posted a supersedeas bond, the sureties thereon would therefore be liable for "all
damages and costs that may be awarded" against Barraza up to the amount of the bond. 
Id. Instead, Barraza made a cash deposit in lieu of supersedeas bond as permitted by the
rules; thus, "all damages and costs that may be awarded" against Barraza, up to $100,000,
must be taken from the funds on deposit and awarded to Levitas. Because the judgment
being superceded was for possession of real property, and because the cash deposit in
lieu of supersedeas bond must "adequately protect the judgment creditor [Levitas] against
any loss or damage occasioned by the appeal," see Muniz, 797 S.W.2d at 150, Levitas is
entitled to recover from the cash deposit the "value of the property's rent or revenue during
the pendency of the appeal," up to $100,000. See Tex. R. App. P. 24.1(d)(3). The trial
court merely awarded Levitas the interest on amount deposited, and did not award Levitas
any amount representing the value of the property's rent or revenue during the course of
the appeal. This constitutes a clear failure to apply the law correctly. See Walker, 827
S.W.2d at 840. (2)

 However, we cannot conclude that Levitas lacks an adequate remedy by appeal. 
Because the trial court's June 21, 2010 order disposed of all pending claims and parties,
it is a final judgment subject to appeal. See Lehmann v. Har-Con Corp., 39 S.W.3d 191,
205 (Tex. 2001) (stating that an order is final and appealable only if "it actually disposes
of every pending claim and party or [if] it clearly and unequivocally states that it finally
disposes of all claims and all parties"). Levitas notes that, although courts have not
determined whether an adequate appellate remedy is available in these precise
circumstances, there are several instances where courts have held that mandamus is
appropriate in other contexts involving supersedeas bonds or cash deposits in lieu thereof. 
For example, courts have found mandamus relief to be appropriate to compel a trial court
to set the amount of a supersedeas bond. Houtchens v. Mercer, 119 Tex. 431, 447, 29
S.W.2d 1031, 1037 (1930) (orig. proceeding); Cont'l Oil Co. v. Lesher, 500 S.W.2d 183,
185 (Tex. Civ. App.-Houston [1st Dist.] 1973, orig. proceeding) ("The fixing of the amount
of the bond is a 'ministerial duty' which the trial court may be required to perform by way
of mandamus."). Courts have also held that mandamus relief is appropriate to compel a
trial court to vacate an order denying a party the right to file a supersedeas bond, Vineyard
v. Irvin, 855 S.W.2d 208, 211, 212 (Tex. App.-Corpus Christi 1993, orig. proceeding)
(noting that "there is no method under the appellate rules to review the trial court's order
refusing to allow the appellant to file a supersedeas bond"), or wrongly denying a prevailing
party's attempt to enforce an unsuperseded judgment. In re Crow-Billingsley Air Park, Ltd.,
98 S.W.3d 178, 179 (Tex. 2003) (orig. proceeding); In re Romero, Gonzalez, & Benavides,
L.L.P., 293 S.W.3d 662, 664 (Tex. App.-San Antonio 2009, orig. proceeding). None of
these cases, however, involved the specific situation we are presented with here; that is,
a trial court improperly granting a motion to release funds deposited in lieu of a
supersedeas bond. As noted, the judgment being challenged here, unlike those
challenged in the cases cited by Levitas, is a final judgment subject to appeal because it
disposed of the only pending claim; that is, Levitas's request for declaratory relief. See
Lehmann, 39 S.W.3d at 205. There is nothing preventing Levitas from asserting his issues
using the normal appellate process, and Levitas has not established any reason why that
process is somehow inadequate for addressing his issues. We therefore conclude that
Levitas has an adequate remedy by appeal and that mandamus relief is inappropriate
here. See In re Prudential, 148 S.W.3d at 135-36.

III. Conclusion

 We vacate the emergency stay of proceedings imposed on July 29, 2010 in trial
court cause number 2001-10-4369, and we deny Levitas's petition for writ of mandamus.


 PER CURIAM


Delivered and filed the 

27th day of July, 2010.
1. The loans were originally made to Sara Pasol Factor and Alicia Levitas. Relator is administrator of
the estates of these individuals, and, as such, was substituted as plaintiff in the trial court upon their deaths. 
See Tex. R. Civ. P. 151. For purposes of convenience, we will refer to all of these parties, individually and
collectively, as "Levitas."
2. The proper procedure would have been for the trial court to determine the "value of the property's
rent or revenue during the pendency of the appeal" and to award that amount to Levitas prior to releasing the
remaining funds to Barraza. See Tex. R. App. P. 24.1(d)(3); see also Whitmire v. Greenridge Place Apts., No.
01-09-00291-CV, 2010 Tex. App. LEXIS 1123, at *15 (Tex. App.-Houston [1st Dist.] Feb. 18, 2010, no pet.)
("When the supersedeas bond covers rental amounts that accrue while the case is on appeal, the rental
amounts cannot be determined on appeal, but instead 'must be determined by proof of facts transpiring after
judgment and during the pendency of appeal.'") (quoting State v. Watts, 197 S.W.2d 197, 199 (Tex. Civ.
App.-Austin 1946, writ ref'd)).