

NUMBER 13-10-00345-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**IN RE: CARLOS PASOL LEVITAS, AS THE ADMINISTRATOR
OF THE ESTATE OF ALICIA P. LEVITAS, DECEASED,
AND AS THE ADMINISTRATOR OF THE ESTATE
OF SARA PASOL FACTOR, DECEASED**

## On Petition for Writ of Mandamus

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Garza
### Memorandum Opinion Per Curiam

Relator, Carlos Pasol Levitas, as administrator of the estate of Alicia P. Levitas, deceased, and of the estate of Sara Pasol Factor, deceased, filed a petition for writ of mandamus alleging that respondent, the Honorable Leonel Alejandro, presiding judge of the 357th Judicial District Court of Cameron County, Texas, abused his discretion by granting a "Motion to Withdraw Funds in the Registry of the Court" filed by real party in interest, the Barraza Family Limited Partnership ("Barraza"). Relator also filed an "Emergency Motion for Temporary Relief" in which he requested that this Court stay the underlying proceedings until such time as we may rule upon his petition for writ of mandamus. We granted relator's emergency motion on June 29, 2010 and ordered all

underlying proceedings stayed. We also requested a response from the real party in interest; such a response was filed on July 9, 2010. Having fully considered the petition and response, we deny the relief requested and vacate the previously imposed stay.

## I. BACKGROUND

The underlying case involved loans made to Levitas[1] by Barraza and B. Crowley Mack which were secured by liens against Levitas's property located in Cameron County, Texas. When Levitas defaulted on the loans, Barraza and Mack foreclosed on the property. Levitas then sued Barraza, seeking a declaration that the foreclosure sales were void because an automatic stay had been imposed due to Sara Pasol Factor's prior declaration of bankruptcy. *See* 11 U.S.C. § 362. The trial court disagreed, granting summary judgment in favor of Barraza. However, we reversed, concluding that the foreclosure sales violated the bankruptcy stay and were indeed void. *Levitas v. Barraza*, No. 13-02-510-CV, 2004 Tex. App. LEXIS 6836, at *4-6 (Tex. App.–Corpus Christi July 29, 2004, no pet.) (mem. op.).

On remand, both parties moved for summary judgment. After a hearing, the trial court entered its final judgment on June 26, 2007, concluding in part that: (1) Levitas is entitled to a declaration that the foreclosure sales are void; but (2) Barraza, as a mortgagee in possession of the property, is entitled to "a Judgment for its debt, interest, advances for taxes and improvements made to the property in the total amount of $137,399.71 through the date of this Judgment." *See Johnson v. Frierson*, 133 S.W.2d 594, 597 (Tex. Civ. App.–Waco 1939, writ dism'd) (stating that a mortgagee in possession "is entitled to his debt and interest and reimbursement for the taxes and fire insurance premiums paid by him and the costs of necessary repairs and is bound to account for the payments made to

---

[1] The loans were originally made to Sara Pasol Factor and Alicia Levitas. Relator is administrator of the estates of these individuals, and, as such, was substituted as plaintiff in the trial court upon their deaths. *See* TEX. R. CIV. P. 151. For purposes of convenience, we will refer to all of these parties, individually and collectively, as "Levitas."

him and the rents and profits received by him or which he ought to have received by the use of reasonable diligence and care"). The judgment also stated that Barraza "is a mortgagee in possession and shall continue as such until such time as all amounts under this Judgment awarded to [Barraza] have been paid in full."

After the judgment was issued, Levitas deposited $137,399.71 in the trial court registry "in order to comply with the [t]rial [c]ourt's judgment and in order to obtain immediate possession of the subject real property." Barraza then filed a notice of appeal and a "Motion to Fix Amount of Security for Supersedeas," asking the trial court to "fix the amount currently on deposit in the registry of the court as the amount necessary to supersede execution of the judgment in this case." In other words, Barraza sought to post a cash deposit in lieu of a supersedeas bond by "adopting" the funds previously deposited in the trial court's registry by Levitas. *See* Tex. R. App. P. 24.1(a)(3) (providing that a judgment debtor may supersede the judgment by making a deposit with the trial court clerk in lieu of a bond). By his "Motion to Fix Amount of Security for Supersedeas," Barraza asked the trial court to determine the proper amount to be posted as security for the judgment. *See* Tex. R. App. P. 24.2(a)(2)(A) ("When the judgment is for the recovery of an interest in real . . . property, the trial court will determine the type of security that the judgment debtor must post. The amount of that security must be at least . . . the value of the property interest's rent or revenue . . . ."). At a hearing on December 8, 2007, the trial court determined that $100,000 was an appropriate amount to be considered as Barraza's cash deposit in lieu of supersedeas bond. Barraza was therefore permitted to "adopt" $100,000 of the $137,399.71 on deposit with the trial court and to designate that amount as its cash deposit, thus allowing it to supercede that part of the June 26, 2007 judgment awarding the subject property to Levitas.

We subsequently affirmed the June 26, 2007 final judgment. *Barraza Family Ltd. P'ship v. Levitas*, No. 13-07-00470-CV, 2009 Tex. App. LEXIS 1707, at *19 (Tex.

3

App.–Corpus Christi, Mar. 5, 2009, pet. denied) (mem. op.). The parties then each moved the trial court to release the cash on deposit into their possession. In an order dated June 21, 2010, the trial court granted Barraza's motion and denied Levitas's. The order stated in part as follows:

> This Court finds that the final judgment entered herein[] was a judgment for the recovery of certain real property, and that said real property was awarded to [Levitas] upon the payment of $137,399.71 to [Barraza]. The Court further finds that [Levitas] did deposit said amount into the registry of the Court, for the benefit of [Barraza], and that upon depositing said amount, [Levitas] would have been entitled to possession of the subject real property, except for the fact that [Barraza] requested that this Court fix the amount of supersedeas herein. This Court did fix the amount of supersedeas at $100,000, and this Court deemed [Barraza] to have "posted" a deposit in lieu of supersedeas by leaving [Levitas]'s deposit in the registry of the court. This Court further finds that [Barraza] did file a notice of appeal and, by virtue of the deposit in lieu of supersedeas, [Barraza] maintained possession of the subject property during the pendency of the appeal.
>
> IT IS, THEREFORE, ORDERED[] that [Levitas]'s Motion to Release Cash Deposit in Lieu of Supersedeas Bond is hereby DENIED, with the exception that this Court does ORDER that the amount of $8,121.51 (which represents the interest on the Deposit in Lieu of Supersedeas Bond which accrued during the pendency of the appeal) is hereby ORDERED to be released and disbursed to [Levitas]. Said amount is to be released and disbursed from the cash which is on deposit with the Court herein.
>
> IT IS FURTHER ORDERED that [Barraza]'s Motion to Withdraw Funds in the Registry of the Court is hereby GRANTED. Accordingly, It Is Ordered that all remaining funds on deposit herein with the Court after the disbursement of the sum of $8,121.51, which was awarded to [Levitas] in the preceding paragraph, is awarded to [Barraza].

This original proceeding followed.

## II. Discussion

Mandamus will issue to correct a clear abuse of discretion for which the remedy by appeal is inadequate. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner, when it acts without reference to guiding rules and principles, or when it clearly fails to analyze or apply the law correctly. *See Walker v. Packer*, 827 S.W.2d 833, 840

4

(Tex. 1992) (orig. proceeding); *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

The Texas Rules of Appellate Procedure allow a judgment debtor to suspend or supersede execution of a judgment while the debtor pursues appellate review by filing a good and sufficient bond or cash deposit in lieu thereof. TEX. R. APP. P. 24.1(a). In setting the amount of the bond or cash deposit when the judgment involves a real property interest, the trial court must consider the value of rent or revenue likely to accrue during the pendency of an appeal. TEX. R. APP. P. 24.2(a)(2)(A). The goal in setting the bond or cash deposit is to require an amount which will "adequately protect the judgment creditor against any loss or damage occasioned by the appeal." *Muniz v. Vasquez*, 797 S.W.2d 147, 150 (Tex. App.–Houston [14th Dist.] 1990, no writ). The sureties on the bond or deposit are then subject to liability for all damages and costs that may be awarded against the judgment debtor, up to the amount of the bond, if the debtor does not pay the value of the property's rent or revenue during the pendency of the appeal. TEX. R. APP. P. 24.1(d)(3); *see* TEX. R. APP. P. 43.5 ("When a court of appeals affirms the trial court judgment . . . the court of appeals must render judgment against the sureties on the appellant's supersedeas bond").

Here, it is undisputed that Barraza did not "pay the value of the property's rent or revenue during the pendency of the appeal." *See* TEX. R. APP. P. 24.1(d)(3). Had Barraza posted a supersedeas bond, the sureties thereon would therefore be liable for "all damages and costs that may be awarded" against Barraza up to the amount of the bond. *Id.* Instead, Barraza made a cash deposit in lieu of supersedeas bond as permitted by the rules; thus, "all damages and costs that may be awarded" against Barraza, up to $100,000, must be taken from the funds on deposit and awarded to Levitas. Because the judgment being superceded was for possession of real property, and because the cash deposit in lieu of supersedeas bond must "adequately protect the judgment creditor [Levitas] against

any loss or damage occasioned by the appeal," *see Muniz*, 797 S.W.2d at 150, Levitas is entitled to recover from the cash deposit the "value of the property's rent or revenue during the pendency of the appeal," up to $100,000. *See* TEX. R. APP. P. 24.1(d)(3). The trial court merely awarded Levitas the interest on amount deposited, and did not award Levitas any amount representing the value of the property's rent or revenue during the course of the appeal. This constitutes a clear failure to apply the law correctly. *See Walker*, 827 S.W.2d at 840.[2]

However, we cannot conclude that Levitas lacks an adequate remedy by appeal. Because the trial court's June 21, 2010 order disposed of all pending claims and parties, it is a final judgment subject to appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) (stating that an order is final and appealable only if "it actually disposes of every pending claim and party or [if] it clearly and unequivocally states that it finally disposes of all claims and all parties"). Levitas notes that, although courts have not determined whether an adequate appellate remedy is available in these precise circumstances, there are several instances where courts have held that mandamus is appropriate in other contexts involving supersedeas bonds or cash deposits in lieu thereof. For example, courts have found mandamus relief to be appropriate to compel a trial court to set the amount of a supersedeas bond. *Houtchens v. Mercer*, 119 Tex. 431, 447, 29 S.W.2d 1031, 1037 (1930) (orig. proceeding); *Cont'l Oil Co. v. Lesher*, 500 S.W.2d 183, 185 (Tex. Civ. App.–Houston [1st Dist.] 1973, orig. proceeding) ("The fixing of the amount of the bond is a 'ministerial duty' which the trial court may be required to perform by way of mandamus."). Courts have also held that mandamus relief is appropriate to compel a

---

[2] The proper procedure would have been for the trial court to determine the "value of the property's rent or revenue during the pendency of the appeal" and to award that amount to Levitas prior to releasing the remaining funds to Barraza. *See* TEX. R. APP. P. 24.1(d)(3); *see also Whitmire v. Greenridge Place Apts.*, No. 01-09-00291-CV, 2010 Tex. App. LEXIS 1123, at *15 (Tex. App.–Houston [1st Dist.] Feb. 18, 2010, no pet.) ("When the supersedeas bond covers rental amounts that accrue while the case is on appeal, the rental amounts cannot be determined on appeal, but instead 'must be determined by proof of facts transpiring after judgment and during the pendency of appeal.'") (quoting *State v. Watts*, 197 S.W.2d 197, 199 (Tex. Civ. App.–Austin 1946, writ ref'd)).

trial court to vacate an order denying a party the right to file a supersedeas bond, *Vineyard v. Irvin*, 855 S.W.2d 208, 211, 212 (Tex. App.–Corpus Christi 1993, orig. proceeding) (noting that "there is no method under the appellate rules to review the trial court's order refusing to allow the appellant to file a supersedeas bond"), or wrongly denying a prevailing party's attempt to enforce an unsuperseded judgment. *In re Crow-Billingsley Air Park, Ltd.*, 98 S.W.3d 178, 179 (Tex. 2003) (orig. proceeding); *In re Romero, Gonzalez, & Benavides, L.L.P.*, 293 S.W.3d 662, 664 (Tex. App.–San Antonio 2009, orig. proceeding). None of these cases, however, involved the specific situation we are presented with here; that is, a trial court improperly granting a motion to release funds deposited in lieu of a supersedeas bond. As noted, the judgment being challenged here, unlike those challenged in the cases cited by Levitas, is a final judgment subject to appeal because it disposed of the only pending claim; that is, Levitas's request for declaratory relief. *See Lehmann*, 39 S.W.3d at 205. There is nothing preventing Levitas from asserting his issues using the normal appellate process, and Levitas has not established any reason why that process is somehow inadequate for addressing his issues. We therefore conclude that Levitas has an adequate remedy by appeal and that mandamus relief is inappropriate here. *See In re Prudential*, 148 S.W.3d at 135-36.

### III. CONCLUSION

We vacate the emergency stay of proceedings imposed on July 29, 2010 in trial court cause number 2001-10-4369, and we deny Levitas's petition for writ of mandamus.


PER CURIAM


Delivered and filed the
27th day of July, 2010.