R In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00023-CV**
_____

**ROBIN ROUSE AND SABRINA ROUSE, INDIVIDUALLY AND AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF TERRILL SCATENA, Appellants/Cross-Appellees**

**V.**

**THOMAS CAMPBELL, CHRISTY W. KOLVA, ISABELLE CAMPBELL, AND ASHLEY GATES, FOSTER MANAGEMENT, LLC, AND FOSTER TIMBER, LTD, Appellees/Cross-Appellants; J.P. MORGAN CHASE, N.A., AND NEIL CAMPBELL, Appellees/Cross-Appellees**

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 18-12-15871-CV**

### ORDER

Robin Rouse and Sabrina Rouse, Individually and as the Personal Representative of the Estate of Terrill Scatena, Appellants/Cross-Appellees, ("Scatena-Rouse") filed a motion for review of the trial court's September 20, 2021, supersedeas order, which set the amount of security required to stay execution on

1

the judgment at $3,186,522.55 and limited the duration of a supersedeas bond to thirty days or less. *See* Tex. R. App. P. 24.4(a). The motion is opposed by Appellees/Cross-Appellants Thomas Campbell, Christy W. Kolva, Isabelle Campbell, Ashley Gates, Foster Management, LLC, and Foster Timber, Ltd ("Campbell-Kolva"). Appellee/Cross-Appellee J.P. Morgan Chase, N.A. ("JPMorgan") filed a counter-motion for review of the trial court's order. On September 28, 2021, we granted a temporary stay of "the sale of the property at issue and any further enforcement of the final judgment" until this Court ruled on the motion for review of the trial court's supersedeas order.

A party may supersede the judgment by filing with the trial court clerk a good and sufficient bond. *See* Tex. R. App. P. 24.1(a)(1). The security must adequately protect the judgment creditor against loss or damage that the appeal might cause. *See* Tex. R. App. P. 24.2(a)(3). When the judgment is for money, the amount of the bond may not exceed 25 million dollars. *See* Tex. R. App. P. 24.2(a)(1). When the judgment is for recovery of real property, the amount of the bond must be at least the value of the property interest's rent or revenue. *See* Tex. R. App. P. 24.2(a)(2). When the judgment is for something other than money or an interest in property, the security ordered by the trial court must adequately protect the judgment creditor against loss or damage that the appeal might cause. *See* Tex. R. App. P. 24.2(a)(3).

The purpose of supersedeas is to preserve the status quo of the matters in litigation as they existed before the issuance of the judgment from which an appeal is taken. *WC 1st and Trinity, LP v. Roy F. and JoAnn Cole Mitte Found.*, No. 03-19-00905-CV, 2020 WL 544748, at *1 (Tex. App.—Austin Feb. 3, 2020, order) (mem. op.). "The supersedeas bond is part of the right of appeal and is only intended to indemnify the judgment creditor from losses caused by delay of appeal." *Muniz v. Vasquez*, 797 S.W.2d 147, 150 (Tex. App.—Houston [14th Dist.] 1990, no writ). We review a trial court's ruling on the amount of a supersedeas bond for abuse of discretion. *Estate of Tillotson*, No. 05-20-00258-CV, 2020 WL 5525114, at *2 (Tex. App.–Dallas Sept. 15, 2020) (mem. op.).

The final judgment confirmed an arbitration award, ordering the dissolution of Foster Timber, Ltd, and Foster Management, LLC. The judgment decreed that JPMorgan in its capacity as Trustee of the LFC46 Trust select a Liquidator for Foster Timber, LLC. The trial court confirmed the arbitration award and dissolution. Part of the award also decreed that several individual parties take nothing on their claims against other individual parties. Based on the arbitration award, the trial court ordered Neil Campbell and Scatena-Rouse to pay attorney's fees to Thomas Campbell and Christy Kolva.

According to Scatena-Rouse, the purpose of their appeal of the final judgment is to establish Sabrina Rouse is the proper Foster Timber liquidator, not the liquidator

that JPMorgan appointed in the exercise of the power granted to it in the judgment. In their motion for supersedeas review, Scatena-Rouse complains that the trial court erred by cumulating figures that had been presented as alternative valuations and by calculating the bond amount for a two-year period but drastically limiting the duration of the suspension of the judgment. They argue the trial court incorrectly estimated both operating costs and capital gains and ignored that the family members actually own the company that owns one percent of the real property. They argue this Court should stay any action by the liquidator during the appeal.

JPMorgan argues it seeks a bond that protects the value of the partnership assets because the management structure ended with the parties' decision to dissolve Foster Timber and Foster Management. If the trial court permits Scatena-Rouse to supersede the judgment, JPMorgan argues the bond should be set at the maximum permitted for a money judgment, which is $25 million.

Campbell-Kolva argues the trial court miscalculated the value of the company but complains the trial court's calculations fail to consider that the property might lose value during the appeal. Campbell-Kolva claims the risk of loss of value is substantial given the approximate $130 million value of the property subject to liquidation.

To the extent that one or more of the parties argue that only part of the judgment has been appealed, we disagree. Scatena-Rouse appealed from the entire

4

judgment. Perfecting an appeal from a final judgment invokes the appellate court's jurisdiction over all parties to the judgment. *See* Tex. R. App. P. 25.1(b). Although a party may bring a limited appeal, that did not happen here. *See generally* Tex. R. App. P. 34.6(c). Generally, an appellate court cannot reverse a trial court's judgment based upon unassigned error. *See Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex. 1990). But the notice of appeal, when it is from a final judgment, affects all matters resolved in the trial court. *See Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1972). For instance, in appeals we treat the statement of an issue "as covering every subsidiary question that is fairly included." Tex. R. App. P. 38.1(f).

The supersedeas suspends the entire judgment even though Rule 24 neither requires the entire judgment to be superseded nor expressly permits a party to supersede less than the entire judgment. *See generally* Tex. R. App. P. 24. Rule 24 also does not describe what happens when a judgment is for more than one type of recovery. *In re L&S Pro-Line, LLC*, No. 09-21-00174-CV, 2021 WL 4312981, at *3 (Tex. App.—Beaumont Sept. 23, 2021, orig. proceeding) (mem. op.). As noted in one of the responses filed here, there may be some circumstances which allow an appellant to limit their Rule 24 motion for review to only a portion of a judgment. For example, there is authority supporting limiting a supersedeas to the injunctive portion of a judgment, when other circumstances may warrant such limitation. *See Premier Pools Mgmt. Corp. v. Premiere Pools, Inc.*, No. 05-14-01388-CV, 2015

5

WL 465168, at *1 n.1 (Tex. App.—Dallas Feb. 4, 2015) (mem. op.). In *Premier Pools*, however, the appellant informed the appellate court that the appellant intended to supersede the money judgment at a later date by filing a net worth affidavit. *See id.* While it appears Scatena-Rouse has not challenged the plaintiffs' attorney fee award in their opening brief, Rule 24 does not require a party to supersede awards for attorney's fees. *See In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 173 (Tex. 2013) (orig. proceeding).

Scatena-Rouse argues the trial court should have set the amount of the bond based solely on the carrying costs of the assets, an amount they suggested in the trial court equals approximately $1.79 million over two years. *See Devine v. Devine*, No. 07-15-00126-CV, 2015 WL 5228254, at *2, *4 (Tex. App.—Amarillo Sept. 2, 2015, order). The trial court, however, fixed the bond at $3,186,522.55. While we do not necessarily agree with the trial court's math or the approach it used in calculating the bond, after careful review of the record and briefs, and after considering the applicable rules and the caselaw, we cannot say the bond the trial court set is either so high or so low that it amounts to an abuse of discretion on the record before us here. Even though the trial court did not abuse its discretion by setting a bond of $3,186,522.55, it did abuse its discretion by placing a 30-day limit on the execution of the judgment. That alternative is not among those authorized by Rule 24. Additionally, to the extent the assets might be sold in a liquidation sale at a lesser

6

value by reason of the delays involved in the appeal, as Campbell-Kolva argues, the appellees have the right to invoke the trial court's continuing jurisdiction to modify the bond and argue the bond should be increased if that contingency is something that actually occurs. *See* Tex. R. App. P. 24.3(a)(2).

Accordingly, we affirm the trial court's order setting the bond at $3,186,522.55. But we modify the order by removing the 30-day limitation on suspension of the execution on the judgment. If Scatena-Rouse files a supersedeas bond in the amount of $3,186,522.55, the trial court's judgment shall be superseded until our mandate issues. Enforcement of the Final Judgment shall be suspended for 20 days from the date of this Order. *See* Tex. R. App. P. 24.4(e).

ORDERED ENTERED November 24, 2021.

PER CURIAM

Before Golemon, C.J., Horton and Johnson, JJ.