**Reversed and Remanded and Memorandum Opinion filed July 14, 2022.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-20-00725-CV

### BLAINE M. STANDIFORD AND SHERYL E. STANDIFORD, Appellant

### V.

### CITIMORTGAGE, INC., Appellee

**On Appeal from the County Court at Law No. 2**
**Travis County, Texas**
**Trial Court Cause No. C-1-CV-17-005410**

## MEMORANDUM OPINION

Appellants Sheryl and Blaine Standiford challenge a final order granting the release of a $19,800 cash bond posted by appellants to appellee CitiMortgage, Inc. In a single issue, appellants argue that the trial court abused its discretion by releasing the bond. We reverse and remand.

# I. BACKGROUND[1]

At a foreclosure sale on August 7, 2012, CitiMortgage obtained an interest in a property in Lago Vista, Texas.[2] The foreclosure and CitiMortgage's subsequent attempts to take possession of the property have resulted in numerous appeals. *See Standiford v. CitiMortgage, Inc.*, No. 14-18-00061-CV, 2019 WL 3997106, at *1 (Tex. App.—Houston [14th Dist.] Aug. 22, 2019, no pet.) (mem. op.); *Standiford v. CitiMortgage, Inc.*, No. 03-15-00625-CV, 2016 WL 4177237, at *1 (Tex. App.—Austin Aug. 4, 2016, pet. dism'd w.o.j.) (mem. op.); *Standiford v. CitiMortgage, Inc.*, No. 03-14-00344-CV, 2015 WL 6831578, at *1 (Tex. App.—Austin Nov. 3, 2015, pet. denied) (mem. op.).

On April 26, 2017, CitiMortgage filed a forcible detainer suit against the Standifords in justice court in Travis County, Texas. The justice court found that the Standifords were "tenant[s] at sufferance pursuant to the foreclosure held August 7, 2012, and that [CitiMortgage] is entitled to judgment for possession of the premises." The Standifords appealed to county court, which entered final summary judgment in favor of CitiMortgage. On November 27, 2017, the court amended its summary judgment order, setting a supersedeas bond at $1,100 a month if the Standifords chose to pursue an appeal of the county court's judgment. The Standifords then appealed the county court's judgment.

In August 2019, we rejected the Standifords' appeal of the eviction

---

[1] The Texas Supreme Court ordered the Third Court of Appeals in Austin to transfer this case to the Fourteenth Court of Appeals. We must therefore decide the case in accordance with the precedent of the Third Court of Appeals if our decision otherwise would have been inconsistent with that court's precedent. See Tex. R. App. P. 41.3.

[2] The facts of this case, as well as its procedural history, are well known to the parties; therefore, we will discuss the facts of the case only to the extent they are relevant to the issues on appeal. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

judgment and affirmed the county court's judgment awarding CitiMortgage possession of the property. *See Standiford*, 2019 WL 3997106, at *1. Several months later, in November 2019, the Standifords filed a motion to release all bond payments to them. According to the Standifords, "[t]he purposes of the bond ordered in this case was to protect the value of these rights in this property. . . . Those rights now belong exclusively and solely to the Standifords." In March 2020, CitiMortgage filed a counter-motion, outlining its claim to the bond payments: "During the pendency of the appeal, CitiMortgage was denied the use and possession of its property from the date of the judgment, November 17, 2017, through the date CitiMortgage sold the Property, April 26, 2019—a total of 18 months." Accordingly, CitiMortgage argued that it was entitled to recover $19,800—$1,100 per month for each month it was deprived of the use and enjoyment of the property.

On March 30, 2020, the county court signed an order releasing the supersedeas bond funds in the amount of $19,800, plus accrued interest, to CitiMortgage. The Standifords filed a motion to return the bond, which the trial court denied on May 29, 2020. The Standifords filed a timely appeal.

## II.   RECOVERY OF SUPERSEDEAS BOND

### A.   STANDARD OF REVIEW & APPLICABLE LAW

The release of a supersedeas bond is reviewed for an abuse of discretion. *Haedge v. Central Tex. Cattlemen's Ass'n*, 603 S.W.3d 824, 827 (Tex. 2020) (per curiam). "Under an abuse of discretion standard, we defer 'to the trial court's factual determinations if they are supported by evidence,' but review legal determinations de novo." *Id.* (quoting *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011)). A trial court abuses its discretion "when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case," or

3

"when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles." *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011).

A supersedeas bond is not an unconditional agreement to pay a stated sum of money; it imposes only a contingent or conditional liability, and its primary purpose is security. *Muniz v. Vasquez*, 797 S.W.2d 147, 150 (Tex. App.—Houston [14th Dist.] 1990, no writ). In calculating the amount of the bond to distribute to a prevailing party, courts must determine the damage the prevailing party actually incurred during the appeal. *See Haedge*, 603 S.W.3dat 828 ("[T]he initial calculation of a supersedeas bond for appeal is different from the final calculation of loss or damage that results from the appeal."); *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 285 (Tex. 2018) ("[T]he evidence presented at the hearing setting the bond amount was evidence of what damages the appeal *might* cause Coffeehouse if its judgment were not immediately enforced, not what damages the appeal actually *did* cause it.") (emphasis in original).

## B.    APPLICATION

In their sole issue, the Standifords argue that the trial court abused its discretion by awarding the full amount of the supersedeas bond to CitiMortgage when CitiMortgage had never claimed, or proved, damages. Because this is a transfer case, we must determine this case as the Third Court of Appeals would determine it. *See Mitschke v. Borromeo*, No. 21-0326, ___ S.W.3d ___, ___, 2022 WL 1510317 (Tex. May 13, 2022) ("Transferee courts must follow whatever law binds the transferor court."). Less than a year ago, the Third Court of Appeals issued a binding opinion that addressed the same argument as raised by the Standifords. *See Adams v. Godhania*, 635 S.W.3d 454, 457–58 (Tex. App.— Austin 2021, pet. denied) (op. on reh'g).

In *Adams*, the Godhanias filed suit to evict the Adams from property the

4

Godhanias had purchased. *Id.* at 456. The Godhanias prevailed, and the Adams appealed to county court. *Id.* The justice of the peace set the total bond at $7,000 during the pending appeal. *Id.* Because of the value of the property, the Godhanias asked the county court to set a supersedeas bond at $144,000. The trial court believed that estimate was low, and set the total for the supersedeas bond at $168,000, allowing the $7,000 bond posted by the justice court to be credited towards the new amount. *Id.* at 457. The Adams appealed the judgment awarding possession to the Godhanias, but that judgment was affirmed; the Adams immediately surrendered possession of the property. *Id.* The Godhanias subsequently filed a motion to release the bond. The Adams argued that the Godhanias were not entitled to recover any amount of the supersedeas bond because they only sought possession; the Godhanias did not plead or prove damages at trial. *Id.* Additionally, the Adams urged that the court's determination of the supersedeas bond is not equivalent to a determination of damages. *Id.* Nevertheless, the trial court released the full amount of the bond funds to the Godhanias.

On appeal, the Third Court of Appeals agreed with the Adams "to the extent that [the Godhanias] are required to prove the amount of damages 'actually incurred' during the appeal." *Id.* at 458 (quoting *Muniz*, 797 S.W.2d at 150). The court then noted the following concerning the calculation of damages:

> A court may not summarily ascertain the amount of monetary damages occasioned by delay in appeal. When a judgment [holder] claims loss or damages resulting from the appeal, the [judgment holder] must prove the extent of the damage. Loss or damage in the supersedeas context refers to monetary or material losses ascertainable by proof, either by the judgment itself, or, where that is not conclusive, by evidence relating to proof of damages generally. When the supersedeas bond covers rental amounts that accrue while the case is on appeal, the rental amounts cannot be determined on appeal, but

instead must be determined by proof of facts transpiring after judgment and during the pendency of appeal. Such a determination is made by the trial court following the completion of the appeal.

*Id.* at 458–59 (internal citations and quotations omitted). Accordingly, the Austin court agreed with the Adams that the trial court abused its discretion by releasing the full amount of the bond to the Godhanias without hearing any evidence of the loss or damage they actually incurred during the appeal. *Id.* at 459.

However, the appellate court explicitly disagreed with the Adamses' argument that the Godhanias "'waived' their right to recover any amount of the bond by failing to plead for damages incurred during the appeal and that the trial court is prohibited from awarding appellees any amount of the bond because damages incurred during the appeal were not awarded in the judgment." *Id.* In reaching this conclusion, the court noted that the Adams attempted to rely on Texas Rules of Civil Procedure Rule 510.11, which provides that in an appeal of a forcible detainer case from the justice court to the county court, "[o]n the trial [de novo] of the case in the county court the appellant or appellee will be permitted to plead, prove and recover his damages, if any, suffered for withholding or defending possession of the premises during the pendency of the appeal." *See* Tex. R. Civ. P. 510.11; *Adams*, 635 S.W.3d at 460. The court rejected the Adamses' argument: "However, in this case, [the Adams] are seeking to recover damages incurred during the time period in which [they] appealed the county court's judgment to this Court. Thus, Rule 510.11 does not apply here." *Adams*, 635 S.W.3d at 460.

The court additionally rejected the Adamses' contention that the Godhanias could not recover damages that they did not plead:

[The Adams] also cite to cases holding that "a judgment must be supported by the pleadings" and that "a party may not be granted

6

relief in the absence of pleadings to support that relief." It is true that [the Godhanias], by pleading for possession only, cannot recover any damages incurred prior to the county court's judgment. But [they] may recover damages that were actually incurred during the pendency of the appeal of the county court's judgment to this Court. However, such damages could not be pleaded by [the Godhanias] or included in the trial court's judgment because they would be incurred after the county court's judgment had been rendered. The judgment here awarded possession of the property to [the Godhanias] and set bond in the amount of $168,000 to suspend enforcement of the judgment. An order releasing the bond to [the Godhanias], provided that it is limited to the amount of damages [they] actually incurred during the pendency of the appeal, is not inconsistent with that judgment.

*Id.* (citations omitted). Accordingly, the Third Court of Appeals reversed the trial court's order releasing the full amount of the supersedeas bond to the Godhanias and remanded the case to the trial court to hear evidence and determine the actual damages suffered by the Godhanias during the pendency of the appeal. *Id.*

The case here presents the same issue as *Adams*. We agree with the Standifords inasmuch as they assert that the trial court abused its discretion in dispersing the bond funds to CitiMortgage without holding a hearing. *See id.* While CitiMortgage offered evidence to support the award of $19,800, that evidence did not reflect the damages CitiMortgage actually incurred; it only served as evidence of the damages CitiMortgage *might* suffer because of the appeal. *See id.*

However, we disagree with the Standifords' argument that CitiMortgage has no right to a hearing on its damages. It is true that CitiMortgage cannot recover damages prior to the county court's judgment, but it can recover damages incurred during the pendency of the appeal of the county's court's judgment to the court of appeals. *See id.* The Standifords argue that CitiMortgage waived its right to claim damages because it failed to amend its pleadings to seek damages pursuant to Texas Rules of Civil Procedure Rule 510.11. But as the court concluded in *Adams*,

Rule 510.11 does not apply here; Rule 510.11 deals with damages "during the period from which the justice court renders judgment to the time the county court renders judgment" whereas CitiMortgage seeks damages during the time period in which the Standifords appealed the county court's judgment to the appellate court. *Adams*, 635 S.W.3d at 459–60; *see* Tex. R. Civ. P. 510.11. Additionally, CitiMortgage did not waive any claim to its damages for failing to plead them because such damages could not be plead by CitiMortgage or be included in the county court's judgment; the damages would only have been incurred after the county court's judgment had already been rendered. *See Adams*, 635 S.W.3d at 460.

Accordingly, we reverse the trial court's order releasing the supersedeas bond funds to CitiMortgage and remand the case to the trial court to hear evidence to determine the damages actually incurred by CitiMortgage during the pendency of the appeal—from the date of the county court's judgment until the date the Standifords surrendered possession of the property. We sustain in part and overrule in part the Standifords' sole issue.

## III. CONCLUSION

We reverse the trial court's order releasing the supersedeas bond funds to CitiMortgage and remand the case to the trial court for further proceedings consistent with this opinion.

/s/     Margaret "Meg" Poissant
        Justice

Panel consists of Justices Bourliot, Poissant, and Wilson.