## A. & M. PETROLEUM CO. v. FRIAR.
### No. 4077.

Court of Civil Appeals of Texas. El Paso.
April 24, 1941.

Rehearing Denied May 15, 1941.

J. E. Quaid and M. Scarborough, both of El Paso, for appellant.

E. B. Elfers and D. J. Smith, both of El Paso, for appellee.

WALTHALL, Justice.

This case presents an appeal by appellant from a judgment rendered in the County Court at Law of El Paso County in which appellee sued appellant to recover rent claimed to be due him by appellant for a number of months on a rental contract on a month to month basis. The rental contract was for a certain lot in El Paso, Texas, at the rate of $50 per month. Appellant paid the rent at the above rate for July, 1939, and for several months prior thereto. About July 11, 1939, appellee notified appellant that after August 1st, 1939, the monthly rental would be $60 per month. In response to such notice, on July 25, 1939, appellant advised appellee it could not pay the increased rental and would surrender possession and remove a building from the rented property, its building and improvements. The building

and improvements on the rented property referred to were the property of appellant, and under the rental contract appellant had the privilege of removing same upon the termination of the tenancy, and was under obligation to clear off the property and leave same in the condition it was in when originally leased. Appellee claimed and alleged that appellant occupied the premises for the purpose of removal and did not surrender possession to appellee until about January 15, 1940; that by reason of such detention and withholding appellant became obligated to and promised to pay appellee for such time the sum of $360, for which he sued and asked judgment.

Appellant denied retaining the use of the premises, and pleaded its notice to surrender the building on July 25th, and pleaded the rental value of the premises to be not more than $5 per month. Appellant also set up a cross-action, to which the court sustained a general demurrer.

The case was submitted to a jury on special issues. The jury found that appellant retained possession of the premises for two and one-half months, and returned a verdict for appellee for $125, for which amount judgment was entered.

The court overruled appellant's motion for a new trial and appellant perfected this appeal.

The errors assigned are failure to sustain appellant's motion for an instructed verdict; the verdict is contrary to the evidence; and no measure of damage proven.

■ Under the law in Texas, and in many other jurisdictions, a tenant who reserves to himself the right to remove improvements placed upon the leased premises by him at the expiration of the lease has a reasonable time after the expiration thereof in which to remove such improvements. Wright v. MacDonnell, 88 Tex. 140, 30 S.W. 907; Terry v. Crosswy, Tex.Civ.App., 264 S.W. 718; Meers v. Frick-Reed Supply Corp., Tex.Civ.App., 127 S.W.2d 493, 496.

As to what constitutes a reasonable time in such cases is made to depend upon the facts and circumstances in each individual case. Schneider v. Bulger, Mo.App., 194 S.W. 737; Updegraff v. Lesem, 15 Colo. App. 297, 62 P. 342.

The necessary and reasonable time consumed in the removal of improvements from the premises in such cases constitutes no part of the rental period in the absence of a specific provision in the contract to the contrary, and for which the tenant is not liable for rents.

■ In case the defendant consumes an unnecessary and unreasonable time in the removal of his improvements, and that be so found by the court or jury trying such fact issue, the landlord would in such case have a cause of action for which his measure of damages would be the reasonable rental value of such premises plus any special damages he may have sustained as a result of the unnecessary delay which may have deprived him of the use and occupancy of such premises.

■ The plaintiff in this case having pleaded the increased rental rate of $60 per month as the measure of his damages claimed for the holdover period, and having failed to make any other proof of damage, thereby failed, in our opinion, to make out a case, and the trial court therefore erred in refusing the defendant's request for an instructed verdict.

■ We have concluded the case was not properly and fully developed and tried, and that the judgment of the trial court should therefore be reversed and the cause remanded for a new trial, and it is so ordered.

### On Motion for Rehearing.

The assignments of error raised in the motion for rehearing in this case are: That we erred in our holding that the law in Texas is that a tenant who reserves to himself the right in a written lease to remove his improvements placed upon the leased premises by him has a reasonable time after the expiration of the lease to remove the same; that the reasonable time so used constitutes no part of the rental period; and if he uses unnecessary time in making such removal after the expiration of the lease, the tenant would not be liable for rent, but the tenant's liability to the landlord would be the reasonable value of the use of the premises for such time as found by the jury. Here the plaintiff (appellee) sued to recover rents of the appellant and stated the value of the rent to be the amount exacted after August 1, 1939.

We have carefully reviewed the case and have concluded that the errors assigned are not tenable, and overrule the motion for a rehearing.